Susan M. Rotkis
Arizona Bar No. 032866
Consumer Litigation Associates West, PLLC
382 S. Convent Ave.
Tucson, AZ 85701
520-622-2481tel
520-844-6706 fax
srotkis@clalegal.com

IN THE UNITED STATES DISTRICT COURT
DISTRICT OF ARIZONA
TUCSON DIVISION

| | |
|---|---|
| CHRISTIAN MAGOUNDI, | Case No.: 4:18CV155 |
| Plaintiff, | |
| vs. | FIRST AMENDED COMPLAINT & JURY DEMAND |
| RECEIVABLES MANAGEMENT, LLC, | |
| SERVE: REGISTERED AGENT R&T TAXES LLC 15765 91 ST TERRACE JUPITER, FL 33478 | |
| NATIONAL MANAGEMENT RECOVERY CORP., SERVE:  REGISTERED AGENT JILL STANZIONE KATZ 5571 N. UNIVERSITY DR. CORAL SPRINGS, FL 33067 | |
| ADAM J. KATZ, P.A., SERVE: ADAM J. KATZ 5571 N. UNIVERSITY DR. CORAL SPRINGS, FL 33067 | |
| Defendants | |

FIRST AMENDED COMPLAINT & JURY DEMAND - 1

**FIRST AMENDED COMPLAINT**

Christian Magoundi, the Plaintiff in this action, by counsel, alleges for his Complaint that the Defendants herein have violated the Federal Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq., ("FDCPA").

## INTRODUCTION

1. This is an individual action brought by an Arizona consumer alleging statutory damages, actual damages, additional damages as the court may allow as provided in 15 U.S.C. § 1692k(a)(a)(B), attorneys' fees and costs for the defendant's violations of the Fair Debt Collections Practices Act ("FDCPA"), 15 U.S.C. §1692 et seq., which prohibits debt collectors from engaging in abusive, deceptive, and unfair collection practices.

## JURISDICTION

2. This Court has jurisdiction pursuant to 28 U.S.C. §1331 and the FDCPA, 15 U.S.C. §1682k(d).

## PARTIES

3. Plaintiff, Christian Magoundi, is a natural person and a resident of the City of Tucson, Arizona, located in Pima County.  He resides within the District of Arizona and is a consumer within the meaning of the FDCPA, as defined at 15 U.S.C. §1692a(3).

4. Defendant, RECEIVABLES MANAGEMENT, LLC,  (hereafter, "RM") is a foreign corporation that regularly conducts business in Arizona.  RM is a limited liability company organized under the laws of Florida has a business address 5571 University Dr. #204, Coral Springs, FL, 33067.

5. RM's principal business purpose is the collection of debts.

FIRST AMENDED COMPLAINT & JURY DEMAND - 2

6.      RM is not registered to conduct business or prosecute legal actions in Arizona.

7.      RM regularly collects or attempts to collect debts owed or due or asserted to be owed or due another and is a "debt collector" within the meaning of the FDCPA, as defined at 15 U.S.C. §1692a(6). RM attempts to collect and does collect alleged debts from Arizona consumers.

8.      RM is owned and operated by Jill Stanzione a.k.a. Jill Stanzione Katz.

9.      Defendant NATIONAL MANAGEMENT RECOVERY CORP., (hereafter, "NMRC") is a foreign corporation that regularly conducts business in Arizona.  NMRC is a corporation organized under the laws of Florida has a business address 5571 University Dr. #204, Coral Springs, FL, 33067.

10.     NMRC's principal business purpose is the collection of debts.

11.     NMRC is not registered to conduct business or prosecute legal actions in Arizona.

12.     NMRC regularly collects or attempts to collect debts owed or due or asserted to be owed or due another and is a "debt collector" within the meaning of the FDCPA, as defined at 15 U.S.C. §1692a(6). NMRC attempts to collect and does collect alleged debts from Arizona consumers.

13.     NMRC is owned and operated by Jill Stanzione a.k.a. Jill Stanzione Katz.

14.     Adam J. Katz, P.A. is a foreign corporation that regularly conducts business in Arizona through its affiliated/controlled entities RM and NMRC.  It is a professional association organized under the laws of Florida.

15.     Adam J. Katz, PA's principal business purpose is the collection of debts.

FIRST AMENDED COMPLAINT & JURY DEMAND - 3

16. Adam Jeffrey Katz, is an attorney and a member of the bar of Florida. He is the principal of a law firm, Adam J. Katz, P.A., which also has as its business address 5571 University Dr. #204, Coral Springs, FL, 33067.

16. Adam J. Katz, PA is not registered to conduct business or prosecute legal actions in Arizona.

17. Adam J. Katz, PA through its affiliated/controlled entities RM and NMRC regularly collects or attempts to collect debts owed or due or asserted to be owed or due another and is a "debt collector" within the meaning of the FDCPA, as defined at 15 U.S.C. §1692a(6). Adam J. Katz, PA attempts to collect and does collect alleged debts from Arizona consumers.

18. Adam J. Katz is the general counsel for NMRC and RM, and holds himself out to be a debt collector that is knowledgeable about the FDCPA, which doesn't "litigate" every account, rather uses pre-litigation techniques to collect.

19. Mr. Katz and Defendant Stanzione Katz are husband and wife.

20. Defendant Stanzione Katz at all times relevant hereto is the principal of NMRC and RM, who upon information and belief

(a)    engages regularly, both directly and indirectly, in the collection of consumer debts;

(b)    is personally involved in the debt collection functions of the co-defendants, including the collection of debts from Mr. Magoundi

(c)    directs the daily operations, management, policy making, and processes utilized by RM and NMRC to collect consumer debts;

(d)    exercised total control over the activities of RM and NMRC;

FIRST AMENDED COMPLAINT & JURY DEMAND - 4

(e)     trained, supervised, authorized and encourage the illegal activities of the debt collection employees of RM and NMRC;

(f)     was personally enriched by the debt collection activities of RM and NMRC, including the debt collection directed at Mr. Magoundi.

21.     Although RM, NMRC, Adam J. Katz, PA are organized separately under Florida law, they are all and each of them working in concert to collect debts from consumers, including Mr. Magoundi, under the control of Defendant Stanzione Katz and her husband, Adam J. Katz.

22.     The address used by each and all Defendants is exactly the same, the owners and controllers of the companies are exactly the same.  Even the different phone numbers used by each entity actually ring to a common switchboard that answers "law offices."  The activities of each and all of the Defendants are in complete concert so as to defeat any fiction that they are separate entities.

## STATEMENT OF FACTS

23.     On or about August of 2017, Mr. Magoundi was contacted on his cell phone by a caller who identified herself as "Simone Cox" or a similar sounding name, from telephone number 855-246-5850.

24.     Cox (or similarly named person) asked for Mr. Magoundi.  She informed him that he owed money to Ace Cash Express or Ace Cash Advance, allegedly for a debt incurred primarily for personal, family or household purposes, and that he had to pay right away or he would be charged with a felony.

25.     Cox (or similarly named person) additionally told Mr. Magoundi that if he was charged with a felony, he would be unable to have a job.

FIRST AMENDED COMPLAINT & JURY DEMAND - 5

26.     Although Mr. Magoundi did not recognize the alleged debt, he was fearful of being charged with a felony, losing his job, or being unable to get a job.

27.     Fearful that he would be imprisoned based on what Cox (or similarly named person) had told him on the phone, Mr. Magoundi said that he had some money to pay her but not enough.

28.     Mr. Magoundi is a young father with two children under the age of three. Although Mr. Magoundi is a naturalized citizen and speaks English, he and his wife are originally from Congo and are native French speakers. Mr. Magoundi earns his living as an Uber driver.   He is the primary caregiver for his children while his wife is in school.

29.     While Mr. Magoundi did not have the amount of money that Cox (or similarly named person) demanded over the phone, she convinced him to pay a substantial amount -- $200 – right away in order to avoid criminal charges. On August 8, 2017, Mr. Magoundi electronically transferred $200 from his bank account to RM, leaving him with only $5.04 in his bank account.

30.     Cox (or similarly named person) continued to contact Mr. Magoundi by phone to get him to pay money.   On August 16, 2017, Mr. Magoundi electronically transferred $353.39 from his bank account to RM.

31.     Still in fear of being charged with a felony, Mr. Magoundi resolved that he would have to use money that he planned to pay the $758 rent to get Cox (or similarly named person) to stop calling him and to avoid leaving his family destitute or without a father.

32.     Two days later, on August 18, 2017, Mr. Magoundi electronically transferred another $200 to RM, leaving them without the money necessary to pay the next month's rent.

FIRST AMENDED COMPLAINT & JURY DEMAND - 6

33.     Cox (or similarly named person) collected the consumer debt from Mr. Magoundi in her capacity as a debt collector at RM and/or NMRC, under the control of Stanzione Katz and/or Adam J. Katz, PA.

34.     RM, NMRC, Stanzione Katz, and Adam J. Katz, PA,  are debt collectors that use the telephone to collect money allegedly due to another, namely Ace Cash Advance and/or Ace Cash Express.

35.     The debt collection activities of RM, NMRC, Stanzione Katz, and Adam J. Katz, PA, are indistinguishable from one another.

36.     The calls placed by the Defendants to Mr. Magoundi were placed within one year preceding the date of this Complaint.

37.     The statements made by Defendants to Mr. Magoundi that he would be guilty of a felony and that he could not have a job if he had a felony were made within one year preceding the date of this Complaint.

38.     Under the Arizona Constitution, there shall be no imprisonment for debt such as the alleged consumer debt Defendants sought to collect from Mr. Magoundi. Thus, threatening him with "a felony" is a threat to do something that could not be legally done and was action that the Defendants had no intention of or means to effectuate.

39.     Under the Arizona Revised Statutes, extortion by defamation libel is a crime in which a person attempts to extort money from an individual by accusing him of a crime or threatening a criminal action when none exists.  Because imprisonment for a debt is against the Arizona Constitution, no felony could so lie.  Therefore, Defendants have not only threatened to take action that they could not possibly take, they also violated the ARS § 13-1804.

FIRST AMENDED COMPLAINT & JURY DEMAND - 7

40.     The FDCPA was enacted to eliminate abusive, deceptive, and unfair debt collection practices by debt collectors and to promote consistent state action to protect consumers against debt collection abuses.  15 U.S.C. § 1692(a)&(e).

41.     Congress found that abusive debt collection practices harmed consumers by increasing personal bankruptcy, marital instability, loss of employment, and invasion of privacy.

42.     In this case, the abusive collection practice by the Defendants harmed Mr. Magoundi in exactly the way that Congress envisioned in enacting the statute.  He suffered marital stress as a result of the Defendant's conduct by telling him he would be a "felon" if he didn't pay immediately, causing him to borrow from the family rent to pay the debt collector.

43.     As a result of Defendant telling Mr. Magoundi that he would be a "felon," Mr. Magoundi feared the loss of employment as the sole provider for his young family, and suffered the physical and emotional effects of that real fear.

44.      The Defendants did not have permission to call Mr. Magoundi, yet they did call him on his cell phone, invading his personal privacy in order to level false threats of criminality against him and to disgrace him.

45.     Defendants knew what they were doing and intended to do so when repeatedly calling Mr. Magoundi without his permission on his cell phone to annoy and harass him into paying more and more money.

46.     Defendants knew what they were doing and intended to do so when falsely representing that Mr. Magoundi could be accused of a felony.

47.     Defendants knew what they were doing and intended to do so when they threatened to take action that could not legally be taken and which they did not intend to take.

FIRST AMENDED COMPLAINT & JURY DEMAND - 8

48.     Upon information and belief, the Defendants utilize these tactics as a matter of course when attempting to collect debts from consumers such as Mr. Magoundi. When Mr. Magoundi realized – too late—that the Defendants had used such illegal tactics, he called Defendants to report the abusive conduct.

49.     The person to whom Mr. Magoundi spoke indicated that she had listened to the recordings of the phone calls with him.  She acknowledged that the debt collector had utilized illegal methods to get money from him.  The illegal actions were not a mistake and, upon information and belief, Defendants do not maintain procedures reasonably adapted to avoid such conduct.

**COUNT 1: VIOLATION OF FDCPA "False or Misleading Representations"**
**15 U.S.C. § 1692e(2)(A)**

50.     Mr. Magoundi incorporates all foregoing paragraphs.

51.     Defendants violated the FDCPA by falsely representing the legal status of the debt as one in which a criminal penalty may attach.  The representation was made knowingly and with the intent to deceive and coerce the least sophisticated consumer.

52.     As a result of Defendants' actions, Mr. Magoundi suffered an injury in fact, including but not limited to physical injuries resulting from emotional distress; economic losses; lost time from work.  He is entitled to recover actual damages, statutory damages, declaratory relief, injunctive relief, attorneys' fees and costs.

**COUNT 2: VIOLATION OF FDCPA "False or Misleading Representations"**
**15 U.S.C. § 1692e(4)**

53.     Mr. Magoundi incorporates all foregoing paragraphs.

54.     Defendants' violated the FDCPA by falsely implying that non payment of a debt may result in Mr. Magoundi's arrest or imprisonment when such action was not only not

FIRST AMENDED COMPLAINT & JURY DEMAND - 9

intended, but it was not lawful.  The representation was made knowingly and with the intent to deceive and coerce the least sophisticated consumer.

55.    As a result of Defendants' actions, Mr. Magoundi suffered an injury in fact, including but not limited to physical injuries resulting from emotional distress; economic losses; lost time from work.  He is entitled to recover actual damages, statutory damages, declaratory relief, injunctive relief, attorneys' fees and costs.

**COUNT 3: VIOLATION OF FDCPA "False or Misleading Representations"**
**15 U.S.C. § 1692e(7)**

56.    Mr. Magoundi incorporates all foregoing paragraphs.

57.    Defendants violated the FDCPA by falsely representing or implying that Mr. Magoundi's had committed a crime or illegal act in order to disgrace him.  The representation was made knowingly and with the intent to disgrace the least sophisticated consumer.

58.    As a result of Defendants' actions, Mr. Magoundi suffered an injury in fact, including but not limited to physical injuries resulting from emotional distress; economic losses; lost time from work.  He is entitled to recover actual damages, statutory damages, declaratory relief, injunctive relief, attorneys' fees and costs.  15 U.S.C. § 1692k

WHEREFORE, Plaintiff requests the Court enter judgment in his favor and against each and all Defendants as follows:

A.    Declaratory relief that Defendant's conduct violates the FDCPA;

B.    Statutory damages pursuant to 15 U.S.C. §1692k(a)(2)(B);

C.    Injunctive relief prohibiting the Defendant's continued conduct in violation of the FDCPA;

FIRST AMENDED COMPLAINT & JURY DEMAND - 10

1         D.    Attorneys' fees, litigation expenses and costs of suit pursuant to 15

2    U.S.C.§1692k(a)(3); and

3         E.    Such other or further relief as the Court deems proper.

4        TRIAL BY JURY IS DEMANDED.

6    /s/ Susan M. Rotkis
     Susan M. Rotkis
7    Arizona Bar No. 032866
     Consumer Litigation Associates West, PLLC
8    382 S. Convent Ave.
     Tucson, AZ 85701
9    520-622-2481tel
     520-844-6706 fax
10   srotkis@clalegal.com

FIRST AMENDED COMPLAINT & JURY DEMAND - 11